UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

CARSEN BURNUM,

    Plaintiff,

    v.                          CAUSE NO. 3:23-CV-656-DRL-MGG

JOHN GALIPEAU *et al.*,

    Defendants.

## OPINION AND ORDER

Carsen Burnum, a prisoner without a lawyer, filed a complaint. ECF 2. As required by 28 U.S.C. § 1915A, the court must screen the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. To proceed beyond the pleading stage, a complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Bissessur v. Indiana Univ. Bd. of Trs.*, 581 F.3d 599, 602 (7th Cir. 2009). Because Mr. Burnum is proceeding without counsel, the court must give his allegations liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Mr. Burnum alleges he was assaulted on or about May 5–9, 2023, at the Westville Correctional Facility. He claims his mom "kept calling" for four days prior to the assault to have him moved to protective custody, but no one responded. ECF 2 at 2. After he was

"hit and jumped," he was moved. On or about May 9–15, 2023, he was assaulted again and received no medical care. He filled out protective custody forms, but he was not put into protective custody. He believes everyone who works at the facility is to blame for the assault "because if they would have done their job better this never would have happened." *Id*. He has sued Warden John Galipeau and Assistant Warden Brian Gann. He does not state what relief he is seeking.[1]

The Eighth Amendment imposes a duty on prison officials "to take reasonable measures to guarantee the safety of inmates." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). "[P]rison officials have a duty to protect prisoners from violence at the hands of other prisoners." *Id*. at 833. That said, not every such violent altercation violates the Constitution. *Hunter v. Mueske*, 73 F.4th 561, 565 (7th Cir. 2023). "Rather, only deliberate indifference to an inmate's wellbeing is actionable: a prison official is liable for failing to protect an inmate from another prisoner only if the official knows of and disregards an excessive risk to inmate health or safety." *Id*. (quotations, brackets, and citations omitted). Accordingly, when an inmate is attacked by another inmate, the Eighth Amendment is violated only if "deliberate indifference by prison officials effectively condones the attack by allowing it to happen." *Haley v. Gross*, 86 F.3d 630, 640 (7th Cir. 1996). The defendant "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837. "[A] complaint that identifies a specific, credible, and imminent risk of serious harm

---

[1] He states he "would like to have representation from a lawyer before answering this question will amend later." ECF 2 at 3. He also indicates he will amend to add additional defendants.

2

and identifies the prospective assailant typically will support an inference that the official to whom the complaint was communicated had actual knowledge of the risk." *Gevas v. McLaughlin*, 798 F.3d 475, 481 (7th Cir. 2015). General requests for help, expressions of fear, and even prior attacks are insufficient to alert guards to the need for action. *Klebanowski v. Sheahan*, 540 F.3d 633, 639–40 (7th Cir. 2008). "[P]risons are dangerous places," as "[i]nmates get there by violent acts, and many prisoners have a propensity to commit more." *Grieveson v. Anderson*, 538 F.3d 763, 777 (7th Cir. 2008).

In the context of failure to protect cases, the law equates "substantial risk" to risks so great that they are almost certain to materialize if nothing is done. *Brown v. Budz*, 398 F.3d 904, 911 (7th Cir. 2005); *see also Thomas v. Dart*, 39 F.4th 835, 843 (7th Cir. 2022) (quoting *Brown* and noting that a "bare 'increased risk' [associated with mental health issues] does not necessarily correlate to a 'substantial risk'"). Rather, "a prisoner normally proves actual knowledge of impending harm by showing that he complained to prison officials about a specific threat to his safety." *Pope v. Shafer*, 86 F.3d 90, 92 (7th Cir. 1996). "Exercising poor judgment . . . falls short of meeting the standard of consciously disregarding a known risk to his safety." *Lewis v. Richards*, 107 F.3d 549, 554 (7th Cir. 1997).

In his complaint, Mr. Burnum doesn't describe any actions by either Warden Galipeau or Assistant Warden Gann. He claims his mom called the prison, but he doesn't state who she spoke with or what she told them. There is no indication Warden Galipeau or Assistant Warden Gann were personally aware of any potential danger to Mr. Burnum or that they were in any way involved in the events that led to the assault. While he claims

3

he filled out protective custody request forms, it's not clear when he did so, to whom he sent the requests, or what details he provided in them. His vague allegations aren't enough to state a plausible claim. *See e.g., Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009) ("[P]ublic employees are responsible for their own misdeeds but not for anyone else's."); *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007) ("Only persons who cause or participate in the violations are responsible."); *see also Bissessur*, 581 F.3d at 602 ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.") (quotations and citation omitted). Simply put, Mr. Burnum hasn't plausibly alleged Warden Galipeau or Assistant Warden Gann disregarded a substantial risk to his safety by failing to transfer him to protective custody. *See, e.g., Hunter*, 73 F.4th at 565; *Thomas*, 39 F.4th at 843; *Klebanowski*, 540 F.3d at 639–40. "[A] plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that *might* be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010). Mr. Burnum has not done so here.

This complaint does not state a claim for which relief can be granted. If Mr. Burnum believes he can state a claim based on (and consistent with) the events described in this complaint, he can choose to file an amended complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form, which is available

4

from his law library. He needs to write the word "Amended" on the first page above the title "Prisoner Complaint" and send it to the court after he properly completes the form. He must include an answer to question number eight, which asks him to describe what kind of relief he is seeking.

For these reasons, the court:

(1) GRANTS Carsen Burnum until **January 12, 2024**, to file an amended complaint; and

(2) CAUTIONS Carsen Burnum if he does not respond by the deadline, this case will be dismissed pursuant to 28 U.S.C. § 1915A without further notice because the current complaint does not state any claims for which relief can be granted.

SO ORDERED.

December 11, 2023              *s/ Damon R. Leichty*
                               Judge, United States District Court